UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RANDY THEILMAN,                  :          CIVIL NO. 3:03CV528(DJS)(TPS)
    PLAINTIFF                     :
                                  :
    V.                            :
                                  :
J. ARMSTRONG, ET AL,             :          FEBRUARY, 25, 2005
    DEFENDANTS                    :

### DEFENDANT ARMSTRONG, MURPHY, GALLO AND QUIROS'S ANSWER AND AFFIRMATIVE DEFENSES TO THE PLAINTIFF'S COMPLAINT

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, the Defendants, John Armstrong, Brian Murphy, David Gallo, and A. Quiros, (hereinafter referred to as "the defendants"), hereby file their Answer and Affirmative Defenses to the plaintiff's Complaint dated March 10, 2003, as follows:

### COUNT ONE

1.    As to the allegations contained in paragraph one, they are denied.

2.    As to the allegations contained in paragraph two, the defendants deny knowledge or information sufficient to form a belief and leave the plaintiff to his proof.

3.    As to the allegations contained in paragraph three, the defendants deny knowledge or information sufficient to form a belief and leave the plaintiff to his proof.

4.    As to the allegations in paragraph four, they are admitted.

5.    As to the allegations contained in paragraph five, the defendants admit that they were employees of the Department of Correction for the State of Connecticut, but deny knowledge or information sufficient to form a belief as to all remaining allegations and leave the plaintiff to his proof.

6.    As to the allegations contained in paragraph six, they are admitted.

7.    As to the allegations contained in paragraph seven, they are denied.

8.      As to the allegations contained in paragraph eight, they are denied.

9.      As to the allegations contained in paragraph nine, they are denied.

10.     As to the allegations contained in paragraph ten, the defendants deny knowledge or information sufficient to form a belief and leave the plaintiff to his proof.

11.     As to the allegations contained in paragraph eleven, the defendants deny knowledge or information sufficient to form a belief and leave the plaintiff to his proof.

12.     As to the allegations contained in paragraph twelve, the defendants deny knowledge or information sufficient to form a belief and leave the plaintiff to his proof.

13.     As to the allegations contained in paragraph thirteen, they are denied.

14.     As to the allegations contained in paragraph fourteen, the defendants deny knowledge or information sufficient to form a belief and leave the plaintiff to his proof.

15.     As to the allegations in paragraph fifteen, they are admitted.

16.     As to the allegations contained in paragraph sixteen, the defendants deny knowledge or information sufficient to form a belief and leave the plaintiff to his proof.

17.     As to the allegations contained in paragraph seventeen, the defendants deny knowledge or information sufficient to form a belief and leave the plaintiff to his proof.

18.     As to the allegations contained in paragraph eighteen, the defendants deny knowledge or information sufficient to form a belief and leave the plaintiff to his proof.

19.     As to the allegations contained in paragraph nineteen, the defendants deny knowledge or information sufficient to form a belief and leave the plaintiff to his proof.

20.     As to the allegations contained in paragraph twenty, the defendants deny knowledge or information sufficient to form a belief and leave the plaintiff to his proof.

21.     As to the allegations contained in paragraph twenty-one, the defendants deny knowledge or information sufficient to form a belief and leave the plaintiff to his proof.

22.     As to the allegations contained in paragraph twenty-two, the defendants deny knowledge or information sufficient to form a belief and leave the plaintiff to his proof.

23.     As to the allegations contained in paragraph twenty-three, the defendants deny knowledge or information sufficient to form a belief and leave the plaintiff to his proof.

24.     As to the allegations contained in paragraph twenty-four, the defendants deny knowledge or information sufficient to form a belief and leave the plaintiff to his proof.

25.     As to the allegations contained in paragraph twenty-five, the defendants deny knowledge or information sufficient to form a belief and leave the plaintiff to his proof.

26.     As to the allegations contained in paragraph twenty-six, the defendants deny knowledge or information sufficient to form a belief and leave the plaintiff to his proof.

27.     As to the allegations contained in paragraph twenty-seven, the defendants deny knowledge or information sufficient to form a belief and leave the plaintiff to his proof.

28.     As to the allegations contained in paragraph twenty-eight, the defendants deny knowledge or information sufficient to form a belief and leave the plaintiff to his proof.

29.     As to the allegations contained in paragraph twenty-nine, the defendants deny knowledge or information sufficient to form a belief and leave the plaintiff to his proof.

30.     As to the allegations in paragraph thirty, they are admitted.

31.     As to the allegations contained in paragraph thirty-one, the defendants deny knowledge or information sufficient to form a belief and leave the plaintiff to his proof.

32.     As to the allegations contained in paragraph thirty-two, the defendants admit that on or about August 28, 2002 the plaintiff was seen by medical and that he was ordered not to participate in any physical activities or lifting more than ten pounds at work for a period of six (6) months, but deny knowledge or information sufficient to form a belief as to all remaining allegations contained therein and leave the plaintiff to his proof.

33.    As to the allegation in paragraph thirty-three that ". . . and he still is not getting medical treatment for his injuries", the defendants deny knowledge or information sufficient to form a belief, but admit all remaining allegations contained therein.

34.    As to the allegations contained in paragraph thirty-four, they are admitted.

35.    As to the allegations contained in paragraph thirty-five, the defendants deny knowledge or information sufficient to form a belief and leave the plaintiff to his proof.

36.    As to the allegations contained in paragraph thirty-six, they are admitted.

37.    As to the allegations contained in paragraph thirty-seven, the defendants deny knowledge or information sufficient to form a belief and leave the plaintiff to his proof.

38.    As to the allegations contained in paragraph thirty-eight, the defendants deny knowledge or information sufficient to form a belief and leave the plaintiff to his proof.

39.    As to the allegations contained in paragraph thirty-nine, the defendants deny knowledge or information sufficient to form a belief and leave the plaintiff to his proof.

40.    As to the allegations contained in paragraph forty, they are admitted.

41.    As to the allegations contained in paragraph forty-one, they are denied.

42.    As to the allegations contained in paragraph forty-two, they are denied.

43.    As to the allegations contained in paragraph forty-three, they are admitted.

44.    As to the allegations contained in paragraph forty-four, the defendants deny knowledge or information sufficient to form a belief and leave the plaintiff to his proof.

45.    As to the allegations contained in paragraph forty-five, the defendants deny knowledge or information sufficient to form a belief and leave the plaintiff to his proof.

46.    As to the allegations contained in paragraph forty-six, the defendants deny knowledge or information sufficient to form a belief and leave the plaintiff to his proof.

47.    As to the allegations contained in paragraph forty-seven, the defendants deny knowledge or information sufficient to form a belief and leave the plaintiff to his proof.

48.     With respect to the allegations in paragraph forty-eight, the defendants deny knowledge or information sufficient to form a belief that "on or about June 27, 2002 the plaintiff received copies of the Incident Report written up by the defendant Gallo."  The defendants also deny the allegations in this paragraph, that it was defendant Gallo who immediately roped off the stairs, posted wet floor signs, and sent the plaintiff to medical, but admit all remaining allegations contained in this paragraph.

49.     As to the allegations in paragraph forty-nine, they are denied.

50.     As to the allegations in paragraph fifty, they are admitted.

51.     As to the allegations in paragraph fifty-one, they are denied.

52.     As to the allegations in paragraph fifty-two, they are denied.

53.     As to the allegations in paragraph fifty-three, they are denied.

**COUNT TWO**

1.     As to the allegations in paragraph one of the Second Count, they are denied.

2.     As to the allegations in paragraph two of the Second Count, they are denied.

3.     Responses to paragraphs three through fifty-three of Count One, are hereby incorporated herein as paragraphs three through fifty-three of Count Two

54.     As to the allegations in paragraph fifty-four of the Second Count, they are denied.

55.     As to the allegations in paragraph fifty-five of the Second Count, they are denied.

**RELIEF REQUESTED**

1.     As to the plaintiff's requests for relief and all its subparts "A" through "E" as set forth below, they are denied.

A.     As to the plaintiff's request for relief in sub-paragraph  "A", it is denied.

B.     As to the plaintiff's request for relief in sub-paragraph "B", it is denied.

C.     As to the plaintiff's request for relief in sub-paragraph "C", it is denied.

D.     As to the plaintiff's request for relief in sub-paragraph "D", it is denied.

E.     As to the plaintiff's request for relief in sub-paragraph "E", it is denied.

## AFFIRMATIVE DEFENSES

Pursuant to Rules 7 and 12 of the Federal Rules of Civil Procedure, the defendants raise the following affirmative defenses to the allegations contained in the plaintiff's Complaint.

## FIRST AFFIRMATIVE DEFENSE

The plaintiff's Complaint fails to state a claim upon which relief can be granted for a violation of the Eighth Amendment to the United States Constitution.

## SECOND AFFIRMATIVE DEFENSE

The plaintiff's Complaint fails to state a claim upon which relief can be granted for a violation of the Fourteenth Amendment to the United States Constitution.

## THIRD AFFIRMATIVE DEFENSE

The plaintiff's Complaint fails to state a claim upon which relief can be granted for intentional infliction of emotional distress.

## FOURTH AFFIRMATIVE DEFENSE

At all times relevant to this lawsuit, the defendants, in their individual capacity, carried out their duties with the reasonably good faith belief that they were acting lawfully and therefore are entitled to qualified immunity from any judgment of monetary damages.

**FIFTH AFFIRMATIVE DEFENSE**

Any injuries, losses or damages which the plaintiff may have incurred as alleged in his Complaint, were directly or proximately caused by the plaintiff's own negligence and/or reckless conduct, which was a substantial factor in producing the alleged injuries and/or damages.

**SIXTH AFFIRMATIVE DEFENSE**

In so far as plaintiffs' claims assert any violation of state law, at all times relevant to the Complaint, the defendants were state employees whose conduct was within the scope of their duties, and were not wanton, reckless or malicious.  They are therefore immune from liability pursuant to Connecticut General Statutes § 4-165.

**SEVENTH AFFIRMATIVE DEFENSE**

To the extent the plaintiff seeks the recovery of money damages from the defendants upon the basis of negligence, the defendant state officials are immune from liability pursuant to Connecticut General Statutes Section 4-165 and the doctrine of sovereign immunity.

**EIGHTH AFFIRMATIVE DEFNSE**

The plaintiff's failure to take appropriate steps to mitigate his alleged damages requires a proportionate reduction in any award of money damages.

**NINTH AFFIRMATIVE DEFENSE**

Any award of money damages to the plaintiff as a result of this litigation is subject to seizure by the State of Connecticut pursuant to the lien pending against him for the costs of his incarceration and any other state liens, in accordance with the Connecticut General Statutes.

DEFENDANTS
J. Armstrong, et al

RICHARD BLUMENTHAL
ATTORNEY GENERAL


         /s/
BY:   Robert B. Fiske, III
       Assistant Attorney General
       110 Sherman Street
       Hartford, CT 06105
       Tel.: (860) 808-5450
       Federal Bar No. #ct17831


## **CERTIFICATION**


     I hereby certify that a copy of the foregoing was mailed this, the 25th day of February,

2005, by first class postage prepaid, to:

Mr.  Ronald Wilson
**C/O Mr. Randy Theilman**
303 Mohegan Park Road, Lot 34
Norwich, CT 06360


        /s/
       Robert B. Fiske, III
       Assistant Attorney General

8