UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RANDY THEILMAN | : | PRISONER |
| *Plaintiff* | : | NO.  3:03CV528(DJS)(TPS) |
| | : | |
| v. | : | |
| | : | |
| JOHN ARMSTRONG, ET AL | : | |
| *Defendants* | : | MAY 13, 2005 |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF
THEIR MOTION FOR SUMMARY JUDGMENT**

This is a civil rights action filed by the plaintiff against defendants John Armstrong, Brian Murphy, David Gallo, and A. Quiros, all of whom were employees of the State of Connecticut, Department of Correction, at the time of the incident alleged in the plaintiff's Complaint.  The plaintiff alleges federal claims pursuant to 42 U.S.C. § 1983, under the Eighth and Fourteenth Amendments to the United States Constitution, as well as state law tort claims of negligence.

Specifically, the plaintiff alleges that the defendants were negligent and deliberately indifferent to his safety in violation of his Eight Amendment rights by failing to repair a known water leak in the ceiling of the J2 Unit at the MacDougall Correctional Institution which leaked water onto a stairway whenever it rained or snowed, causing him to slip and fall and injure his back.  The plaintiff has sued the defendants only in their individual capacity and is

seeking money damages in the form of compensatory and punitive damages, as well as attorney fees.

This motion seeks summary judgment in favor of the defendants, John Armstrong, Brian Murphy, David Gallo, and A. Quiros, (hereinafter "the defendants"). As the attached Complaint, Statement of Undisputed Facts and supporting evidence demonstrates, the defendants did not violate the plaintiff's constitutional rights and there are no genuine issues of material fact in dispute which are sufficient to defeat summary judgment. In addition, in the event one or more of the defendants did violate the plaintiff's constitutional rights, they are nevertheless entitled to qualified immunity.

WHEREFORE, the defendants respectfully requests that summary judgment be entered in their favor on all of the plaintiff's claims.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(c) requires the entry of Summary Judgment " if the pleadings, depositions, answers to interrogatories, and admissions on file together with any affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  "[T]he mere existence of a factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there is no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248, 106 S. Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A factual dispute is "genuine" when "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.* A "material fact" is one whose resolution will affect the ultimate determination of the case. *Id.* In determining whether a material fact exists, the court must resolve all ambiguities in favor of the non-moving party. *Id.*, at 255;  see also *J.F. Feeser, Inc. v.*

*Serv-A-Portion, Inc.*, 909 F.2d 1524, 1531 (3d Cir. 1990), *cert. denied*, 499 U.S. 921, 11 S.Ct. 1313, 113 L.Ed.2d 246 (1991). The Supreme Court has stated:

> summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the federal rules, as a whole, which is designed to secure the just, speedy and inexpensive determination of every action.

*Celotex, Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Used properly, Rule 56 is a "vital procedural tool to avoid wasteful trials," *Capitol Imaging Assocs. v. Mohawk Valley Medical Assocs.*, 996 F.2d 537, 541 (2d Cir.), *cert. denied*, 510 U.S. 497 (1993), and to "isolate and dispose of factually unsupported claims." *Celotex Corp.*, at 323-324.

The moving party bears the initial burden of "informing the district court of the basis for its motion" and identifying the portions of the pleadings, affidavits or other documentary evidence that "it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. Those facts that are material will be identified by the substantive law governing the case. *Anderson*, 477 U.S. at 248. Once the moving party meets its burden, the burden shifts to the non-moving party.

To defeat a motion for summary judgment, the non-moving party may not merely rely upon unsupported allegations made in their complaint, nor rely on "mere speculation or conjecture" to overcome a motion for summary judgment. *Knight v. Fire Insurance Company*, 804 F.2d 9, 12 (2nd Cir. 1986), *cert. denied*, 480 U.S. 932 (1987). The evidence must be presented in a manner consistent with its admissibility at trial. *See First National Bank Co. of Clinton, Ill. v. Insurance Co. of North America*, 606 F.2d 760 (7th Cir. 1979)(in ruling on summary judgment motion, the court properly relied upon documents and exhibits identified by affidavit). Unsworn statements of the parties, letters addressed to the litigants from third persons, and hearsay which does not fall under one or more exceptions listed in rules 803-805 of

the Federal Rules of Evidence, may not be properly considered. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Beyene v. Coleman Security Service, Inc.*, 854 F.2d 1179 (9th Cir. 1988); *Edward B. Marks Music Corp. v. Stansy Music Corp.*, 1 F.R.D. 720 (S.D.N.Y. 1941). Moreover, the plaintiff must point to "specific facts showing that there is a genuine issue for trial." Rule 56(e); *Anderson*, 477 U.S. at 248. The plaintiff must also produce evidence to show the existence of every element essential to the case which it bears the burden of proving at trial. *Equimark Commercial Finance Co. v. C.I.T. Financial Services Corp.*, 812 F.2d 141, 144 (3d Cir. 1987).

I.      **THE DEFENDANTS WERE NOT DELIBERATELY INDIFFERENT TO THE PLAINTIFF'S SAFETY OR MEDICAL NEEDS**

In order to succeed in establishing an Eighth Amendment violation, the plaintiff bears the burden of satisfying a two-part test; one, that he was incarcerated under conditions posing a substantial risk of harm, and two, that one or more of the defendants knew that the plaintiff faced a substantial risk of harm but disregarded that risk by failing to take reasonable measures to abate the harm. *Hayes v. New York City Department of Corrections*, 84 F.3d 614, 620 (2d Cir. 1996). As the facts demonstrate, the plaintiff was not incarcerated under conditions posing a substantial risk of harm. The presence of the roof leak, while possibly creating a hazard when it rained or snowed, was well known by the plaintiff and other inmates in the unit prior to the plaintiff's fall. Thus, it was a known hazard. When the slipped and fell on the stairs, he was not paying attention or holding the handrail. If he had done either, he would have likely prevented his fall altogether. Simply put, the plaintiff's claim of his slip and fall, is one of negligence, not deliberate indifference: that the defendants had a duty to maintain the facility and did not, thereby proximately causing him to suffer injury. But, a claim of negligence against state actors is barred by sovereign immunity. See, C.G.S. § 4-165. And in any event, a leak in a roof does not constitute conditions posing a substantial risk of harm in violation of the Eighth

4

Amendment and more than a drafty window, slippery shower floor, or hot radiator would if its known danger was ignored and it resulted in personal injury to a plaintiff. Thus, because the plaintiff's claim is a claim of negligence, the defendants are entitled to summary judgment.

Even assuming arguendo, that the plaintiff did satisfy the first requirement, (which he did not), that the plaintiff was incarcerated under conditions posing a substantial risk of harm, he still cannot satisfy the second requirement, that one or more of the defendants knew the plaintiff faced a substantial risk of harm, but nevertheless deliberately disregarded that risk by failing to take reasonable measures to abate the harm.

As set forth in the Statement of Facts, the plaintiff, like the other inmates in the unit, knew that the roof leaked when it rained. Nevertheless, the plaintiff walked down the stairs without taking even the slightest precautions; he was eating an apple and not paying attention, and he did not hold the handrail. Under these circumstances, the defendants cannot be responsible for his slip and fall when they had no knowledge or forewarning that he would act in such a manner. Indeed, in order to recover on a deliberate indifference claim, a plaintiff must show that "the acts of defendants involved more than lack of due care, but rather involved obduracy and wantonness in placing his health in danger". *LaBounty v. Coughlin*, 137 F.3d 68, 72 (2d. Cir. 1998). To succeed with his claim of deliberate indifference, the plaintiff must establish that the conduct of the defendants "shocks the conscience" or constituted a "barbarous act." *McCloud v. Delaney*, 677 F.Supp. 203, 232 (S.D.N.Y. 1988) (*citing United States ex rel. Hyde v. McGinnis*, 429 F.2d 864 (2d Cir. 1970). They will be liable under the Eighth Amendment only if their conduct is held to be "repugnant to the conscience of mankind." *Tomarkin v. Ward*, 534 F.Supp. 1224, 1230 (S.D.N.Y. 1982) (*quoting Estelle*, 429 U.S. at 105-06).

Moreover, the Unit Manager's Monthly Reports show that defendant Quiros, the J-2 Unit Manager at MacDougall, submitted multiple reports to the Maintenance Department advising them of the need to repair the roof. As a result of these efforts by defendant Quiros, the

Maintenance Supervisor, Gifford, was made aware of the problem and he saw to it that the roof was repaired, albeit after the plaintiff's slip and fall.

As the result of defendant Quiros's efforts, the plaintiff cannot establish that the conduct of defendant Quiros or the other defendants was subjectively unreasonable. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991); *Hathaway, supra*, 37 F.3d at 66 (*quoting Nance v. Kelley*, 912 F.2d 605, 607 (2d Cir. 1990) (Pratt, J., dissenting). To be liable, a prison official must have subjectively acted with "a sufficiently culpable state of mind." *Hathaway v. Coughlin, supra*, 37 F.3d at 66. "[A] prison official does not act in a deliberately indifferent manner unless that official 'knows and disregards an excessive risk to inmate's health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 1979 (1994)). Clearly, by submitting repeated work orders, defendant Quiros acted reasonably in trying to obtain the roof's repair.

Finally, the plaintiff's allegation that he has suffered a serious back injury is not supported by the evidence. Indeed, the medial records and his own complaint clearly show the opposite; that he was provided with medical care in the form of numerous doctor examinations, multiple x-rays each of which was negative for injury, advice on back pain and exercises to ease discomfort, and numerous medications. However disappointed the plaintiff may have been with this care, his alleged injury did not warrant anything further. Not every prisoner's claim that he has not received adequate medical treatment states a violation of the Eighth Amendment. A slip and fall accident, although it may produce pain and anguish, does not on that basis alone constitute wanton infliction of unnecessary pain. Therefore, even if a physician has been negligent in diagnosing or treating a medical condition, it does not state a claim of deliberate indifference under the Eighth Amendment.

In a medical care claim the alleged deprivation of care be sufficiently serious in objective terms: the plaintiff's condition must present a condition of urgency, one that may

6

produce death, degeneration, or extreme pain. *Hathaway v.Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994) (*citing Estelle v. Gamble*, 429 U.S. 97, 104, 50 L. Ed. 2d 251, 97 S. Ct. 285 (1976)). However, mere negligence, medical malpractice, or differences of opinion regarding medical treatment however, do not give rise to an Eighth Amendment violation.

Therefore, as the aforementioned facts and case law demonstrate, the defendants were not deliberately indifferent to the plaintiff's safety or medical needs, and thus are entitled to summary judgment.

## II.   THE DEFENDANTS WERE NOT PERSONALLY INVOLVED IN THE REPAIR OF THE ROOF AND ARE NOT LIABLE FOR HIS ALELGED INJURIES

Notwithstanding the fact that the plaintiff has not stated any claim which comprises a violation of his constitutional rights, the plaintiff's claims against the defendants are without merit, given that these defendants were not personally involved in, or responsible for, the repair of the J-2 Unit roof.

A review of the plaintiff's Complaint reveals that he has not alleged any facts or presented any evidence which demonstrates that the defendants were responsible for the maintenance or repair of the roof in the J-2 Unit at MacDougall C.I.  Consequently,  the plaintiff's allegations against them must fail because "personal involvement of a defendant in an alleged constitutional deprivation is a prerequisite to an award of damages under Sec. 1983." *McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir. 1977), *cert. denied*, 434 U.S. 1087 (1978). Additionally, supervisory officials, such as John Armstrong and Brian Murphy, (former Commissioner and Warden respectively), may be "personally involved" within the meaning of 42 U.S.C. Sec. 1983 only when their conduct is tantamount to actual participation in the alleged deprivation.  *Williams v. Smith*, 781 F.2d 319, 323-24 (2d Cir. 1986).  "A plaintiff must thus allege a tangible connection between the acts of a defendant and the injuries suffered."  *Bass v.*

*Jackson*, 790 F.2d 260, 263 (2d Cir. 1986). Because the plaintiff cannot do so, the defendants are entitled to summary judgment.

Consistent with the requirement that personal involvement is required for a claim under §1983, the Supreme Court has ruled that the general doctrine of *respondeat superior* does not suffice to state a claim under §1983. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 692-95(1978). Thus, in order to state a cognizable claim, the plaintiff must allege, and ultimately prove, "personal involvement of a defendant sufficient to support his liability for wrongful acts," not merely their "linkage in the . . . chain of command." *Ayers v. Coughlin,* 780 F.2d 205, 210 (2d Cir. 1985). A supervisory official may only be liable if it is alleged that he learned of the violation and failed to remedy the wrong. W*illiams v. Smith*, 781 F.2d at 323-24; *Meriwether v. Coughlin*, 879 F.2d 1037 (2d Cir. 1989). "A plaintiff must thus allege a tangible connection between the acts of the defendants and the injuries suffered." *Bass v. Jackson*, 790 F.2d 260, 263(2d Cir. 1986). An official cannot be held liable merely because he or she occupies a high position in the Department of Correction hierarchy. *Colon v. Coughlin*, 58 F.3d 865, 874 (2d Cir. 1995).

**III.    THE PLAINTIFF'S NEGLIGENCE CLAIMS ARE BARRED BY C.G.S. § 4-165**

As mentioned briefly herein, state officials are immune from negligence lawsuits under Section 4-165 of the Connecticut General Statutes, which provides that "[n]o state employee shall be personally liable for damage or injury, not wanton, reckless or malicious, caused in the discharge of his duties or within the scope of his employment." In his complaint, the plaintiff has alleged that the conduct of the defendants constituted deliberate indifference in violation of his Eighth Amendment rights because they failed to repair a roof above a stairway in the J2 Unit at MacDougall Correctional Institution which leaked when it rained, thus causing him to slip and fall down the stairs injuring his back. However, this claim is actually one of negligence against

the individual defendants in the performance of their duties and not deliberate indifference. In fact, the plaintiff admitted as such in paragraphs 54 and 55 of his complaint. Exhibit A. But, because the defendants state officials are immune from claims of negligence under § 4-165, the defendants are entitled to summary judgment.

IV.   **IN ANY EVENT, EVEN IF THE DEFEDNANTS DID VIOLATE THE PLAINTIFF'S CONSITITUTIONAL RIGHTS, THEY ARE NEVERTHELESS ENTITLED TO QUALIFIED IMMUNITY**

In the event that the plaintiff has survived the previous arguments in favor of summary judgment, the defendants are nonetheless entitled to summary judgment since they are protected by qualified immunity. In the simplest terms, even if the defendants are liable to the plaintiff on one or more of his federal claims, which they are not, then they are nonetheless entitled to qualified immunity, because at all times alleged in the Complaint, they acted with "objective reasonableness".

The defense of qualified immunity is a well settled doctrine that protects government officials from civil suits arising from the performance of their discretionary functions when that performance "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). Immunity ordinarily should be decided by the court. *Id.*, (*quoting Hunter v. Bryant*, 502 U.S. 224, 112 S.Ct. 534, 537, 116 L.Ed.2d 589 (1989). Indeed, the Supreme Court has expressly encouraged the use of summary judgment when qualified immunity is raised as a defense. *Saucier v. Katz*, 121 S.Ct. 2151, 150 L.Ed 2d 272 (2001); *Carter v. Lussier*, 955 F.2d 841, 844 (2nd Cir. 1992). The objective reasonableness test was designed to facilitate this summary device as a means quickly to extricate government officials from defending insubstantial suits. *Harlow*, at 815-16, 102 S.Ct. at 2736-37. Qualified immunity for government officials serves not only as a defense from liability, but also to spare

9

public officials from shouldering the burdens and expenses of litigation. *Saucier v. Katz*, 121 S.Ct. 2151, 150 L.Ed 2d 272 (2001); *Cartier v. Lussier*, 955 F.2d 841, 844 (2nd Cir. 1992).

As a general rule, state officials are entitled to qualified immunity if (1) their conduct does not violate clearly established constitutional rights, or (2) it was objectively reasonable for them to believe their actions did not violate those rights. *Oliviera v. Mayer*, 23 F.3d 642, 648 (2nd Cir. 1994). In this case, none of the defendants knowingly violated the plaintiff's rights. As set forth in the statement of facts and the accompanying affidavits, the plaintiff was well aware of the condition on the stairs when it rained or snowed, and was not paying attention or holding the handrail when he descended the stairs on the day of the incident. Moreover, immediately after his fall, he stood up and walked away, and when examined by Nurse Dolan, she reported that he suffered no serious injury, just redness. Exhibits C & L. Finally, prior to his fall, the plaintiff never filed a complaint or grievance to any prison official that he feared for his safety due to the leak in the roof. Consequently, the defendants are entitled to qualified immunity, because if even if they knew of the roof's leaking condition, their actions in relying upon the maintenance personnel to repair that roof was objectively reasonable. This second prong of the doctrine of qualified immunity leaves "ample room for mistaken judgments," and protects "all but the plainly incompetent or those who knowingly violate the law." *McCleary v. Navarro*, 504 U.S. at 967, 112 S.Ct. at 2324. "Because many situations which confront [officials] in the course of their duties are more or less ambiguous, room must be allowed for some mistakes on their part. But, the mistakes must be those of reasonable men, acting on facts leading sensibly to their conclusions of probability. *Brinegar v. United States*, 388 U.S. 160, 176 (1940). *See also, Malley v. Briggs*, 475 U.S. 335, 343, 89 L.Ed.2d 271, 106 S.Ct. 1092 (1986) (qualified immunity leaves ample room for mistaken judgments). Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law, or those who act where "the law clearly proscribed the actions" taken." *Saucier, supra, (quoting Anderson v. Creighton,*

483 U.S. at 638-39). This aspect of the doctrine of qualified immunity recognizes that state officials are only human, and inevitably, accidents and mistakes of judgment will happen. Such mistakes alone do not open these official to personal liability. *Wren v. Towe,* 130 F.3d 1154, 1159 (5th Cir. 1997), *cert. denied,* 525 U.S. 815, 142 L. Ed. 2d 40, 119 S. Ct. 51 (1998); accord, *Pritchett v. Alford,* 973 F.2d 307, 313 (4th Cir. 1992) (indicating that qualified immunity affords tolerance for mistakes of judgment traceable to unsettled law, faulty information, or contextual exigencies).; *Lennon v. Miller,* 66 F.3d 416, 420-21 (2d Cir. 1995) (quotations and internal citations omitted).

Thus, even if the defendants were mistaken in their reliance upon the maintenance personnel, their judgment was not so incompetent or violative to remove it from the cloak of qualified immunity. *Saucier v. Katz*, 121 S.Ct. 2151, 150 L. Ed. 272 (2001).

When reviewing a motion for summary judgment based upon qualified immunity, a court should put aside allegedly false material, supply any omitted information, and then determine whether the facts would support a finding that the actions of the defendants were those of a reasonable person under the same circumstances. *Soares v. State of Connecticut*, 8 F.3d 917, 920 (2nd Cir. 1993)(citations omitted). If the actions were reasonable, qualified immunity is deserved. *Id.*

Therefore, in the event this Court determines that one or more of the defendants did violate the plaintiff's federal constitutional rights, the defendants are nevertheless entitled to qualified immunity, because an objectively reasonable person in the position of the defendants would have agreed that their actions were reasonable. *Lennon v. Miller*, 66 F.3d 416, 421 (2nd Cir. 1995). Accordingly, each of the defendants are entitled to qualified immunity as a matter of law and this Court should enter summary judgment in each of their favor.

**V.**                               **CONCLUSION**

For all of the foregoing reasons, judgment should be rendered in favor of the defendants in this matter.

 

                    DEFENDANTS
                    JOHN ARMSTRONG, ET AL

                    RICHARD BLUMENTHAL
                    ATTORNEY GENERAL


BY:    /s/
            Robert B. Fiske, III
            Assistant Attorney General
            Federal Bar No. 17831
            110 Sherman Street
            Hartford, CT  06105
            Tel: (860) 808-5450
            Fax: (860) 808-5591
            e-mail: robert.fiske@po.state.ct.us

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed in accordance with Rule 5(b) of the Federal Rules of Civil Procedure on this, the 13th day May, 2005, first class postage prepaid to:

Mr. Randy Theilman
303 Mohegan Park Road
Lot #34
Norwich, CT 06360

                                                     /s/_____
                                                     Robert B. Fiske, III
                                                     Assistant Attorney General