# UNITED STATES DISTRICT COURT

# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RANDY THEILMAN | : | |
| | : | PRISONER |
| v. | : | Case No. 3:03cv528(DJS)(TPS) |
| | : | |
| JOHN ARMSTRONG, et al | : | |

<u>ORDER OF NOTICE TO PRO SE LITIGANT</u>

On May 17, 2005, the defendants filed a motion for summary judgment pursuant to Fed. R. Civ. P. 56. Rule 7(a), D. Conn. L. Civ. R., requires the plaintiff to file a response within twenty-one days of the date the motion was filed. **Your response is due June 7, 2005.**

Pursuant to <u>Vital v. Interfaith Medical Ctr.</u>, 168 F.3d 615 (2d Cir. 1999) and <u>McPherson v. Coombe</u>, 174 F.3d 276 (2d Cir. 1999), the court hereby gives notice to the plaintiff that any factual assertions in the documents accompanying the defendants' motion will be accepted as true unless the plaintiff files affidavits or other documentary evidence to contradict the defendants' assertions. The plaintiff may not simply rely on his complaint. Also, a memorandum is not sufficient to oppose the defendants' motion. The plaintiff must respond to the motion for summary judgment with affidavits made on personal knowledge or other documentary evidence to show that there is a genuine issue of material fact for trial.[1]

---

[1] Rule 56(e), Fed. R. Civ. P., states:

Supporting and opposing affidavits shall be made on

Furthermore, a party opposing a motion for summary judgment has obligations under Local Rule 56(a)2. That rule requires a party opposing summary judgment to include in his opposition papers a "Local Rule 56(a)2 Statement." The Local Rule 56(a)2 Statement is in response to the moving party's 56(a)1 Statement of Material Facts which sets forth the facts which the moving party contends are undisputed. The plaintiff must state whether he admits or denies each such fact. The plaintiff's 56(a)2 statement must also list in a separate section each issue of material fact which the plaintiff contends must be tried. In addition, Local Rule 56 requires that:

> [e]ach statement of material fact in a Local Rule 56(a) Statement by a movant or opponent must be followed by a citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial. The affidavits, deposition testimony, responses to discovery requests, or other documents containing such evidence shall be filed and served with the Local Rule 56(a) Statement in conformity with Fed. R. Civ. P. 56(e).

D. Conn. L. Civ. R. 56(a)3. If the plaintiff does not file a 56(a)2 statement, all material

---

personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

facts set forth in the moving party's Rule 56(a)1 statement will be deemed admitted.

**Thus, under the court rules and applicable case law, the plaintiff must file a response to the defendants' motion for summary judgment within twenty-one (21) days of the date the motion was filed.  The response should be accompanied by affidavits and/or the other evidence described above.  If the plaintiff does not respond within twenty-one days of the date the motion was filed, the court may grant the motion for summary judgment absent objection.  If summary judgment is granted against the plaintiff, the case will not proceed to trial.  Instead, judgment will enter in favor of the defendants and the case will be closed.**

Dated this 23rd  day of May, 2005, at Bridgeport, Connecticut.


        BY   ORDER OF THE COURT
        KEVIN F. ROWE, CLERK