UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

RANDY THEILMAN

                                                                                                  **PRISONER**

   v.                                                           Case No.  3:03cv528(DJS)(TPS)

JOHN ARMSTRONG, ET AL.

## ORDER

On March 24, 2003, when the plaintiff commenced this action, he was incarcerated at Enfield Correctional Institution. On June 16, and August 21, 2003, the court informed the plaintiff that he must notify the court as well as counsel for the defendants of any change in his address during the litigation of this case. On May 17, 2005, the defendants filed a motion for summary judgment. On May 23, 2005, the Clerk issued an order of notice to pro se litigant directing the plaintiff to respond to the motion for summary judgment. The notice was returned to the court with an notation that the plaintiff had been released on parole. A Department of Correction record attached to the defendants' motion for summary judgment as Exhibit B reveals that the plaintiff was discharged to parole on February 4, 2005.

On June 23, 2005, the court issued an order directing the plaintiff to file a notice of his current address and to respond to the defendants' motion for summary judgment within twenty days of the order. The court informed the plaintiff that his failure to file a change of address notice would result in dismissal of this case for failure to prosecute. The court mailed the order to the plaintiff at 303 Mohegan Road, Lot # 34, Norwich, Connecticut 06360. This address was listed in the defendants' motion for summary judgment as the plaintiff's address

since his release on parole. The notice has not been returned to the court as undeliverable. The plaintiff has not responded to the notice or contacted the court in any manner. In fact, the plaintiff has failed to take any action in this case or contact the court since October 27, 2004. The court concludes that the plaintiff's inaction constitutes a failure to prosecute this case.

Accordingly, this action is dismissed without prejudice for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. See Johnson v. M. Melnick & Co., Inc., et al., No. 91 CIV. 7961(LAP), 1996 WL 239994, at *2 (S.D.N.Y. May 8, 1996)("Even if a defendant has not moved for such dismissal . . . a court [still] possesses the inherent authority to dismiss sua sponte a case for failure to prosecute [and obey a court's order].") The Motion for Summary Judgment [**doc. # 19**] is **DENIED** as moot.

If plaintiff wishes to reopen the matter, he must file a motion to reopen pursuant to Rule 60(b), Fed. R. Civ. P. explaining why he has failed to file a notice of change of address and failed to respond to the motion for summary judgment. The motion should also be accompanied by a memorandum in response to the motion for summary judgment. The Clerk is directed to close this case.

SO ORDERED this 24th day of October, 2005, at Hartford, Connecticut.

/s/ DJS
Dominic J. Squatrito
United States District Judge